UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DREW SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DISTRICT COURT, )<br>)<br>Defendant. ) | Civil Action No. 1:24-cv-03473 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application, and as explained in more detail below, dismisses this case without prejudice because plaintiff has failed to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Maryland, sues "the United States District Court," and challenges the 2024 U.S. Presidential Election and President Trump's eligibility for presidency. *See* Compl. at 1, 6–7, 14–22. He seeks a "declaratory judgment and writ of prohibition" disqualifying President Trump "from holding public office under Section 3 of the 14th Amendment," prohibiting "any government entity or official from certifying Trump's eligibility for public office at any time" and to "stop inauguration proceedings" or otherwise reverse the effect of these events. *See id.* at 41–42.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In

order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted).

Here, plaintiff provides no support for any specific injury that is concrete, imminent, or particularized to himself. Indeed, he appears to admit as much, stating that, although he cannot "not demonstrate personal injury," he nonetheless bears standing "as an American citizen, qualified voter, and U.S. resident, with vested interest in the constitutional eligibility of candidates for public office, particularly for Office of the President of the United States," because "the scope of presidential authority directly impacts all citizens, granting [him] sufficient interest in the matter." *See* Compl. at 23–26.

But "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defend. of Wildlife*, 504 U.S. 555, 573–74 (1992); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); *see also Lance v. Cruz*, No. 16-CV-1224, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (rejecting argument that a particular presidential candidate's "presence on the ballot will somehow damage [plaintiff's] rights as a voter

. . . constitute[s] a sufficiently particularized injury to establish standing under Article III"). Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3d Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Furthermore, while "a President's qualifications [may] be tested, but they do not include direct involvement by the judiciary[,]" which would constitute a violation of the separation of powers. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1377 (M.D. Ga. 2009) (dismissing the plaintiff's challenges to the U.S. President's eligibility for office for lack of standing, as a general grievance, and as frivolous for lack of legal basis), *aff'd*, 368 Fed. Appx. 949 (11th Cir. 2010) (per curiam), *cert. denied*, 562 U.S. 1137 (2011). "In addition to the obvious opportunity that exists during a presidential campaign to scrutinize a candidate's qualifications, the framers of the Constitution provided a mechanism for [later] removing a President . . . through impeachment." *Id.* (citing U.S. Const. Art. II, § 4; Art. I, §§ 2 & 3). "Thus, if the President were elected to the office by knowingly and fraudulently concealing evidence of his constitutional disqualification, then a mechanism exists for removing him from office. . . [and] that mechanism does not involve the judiciary." *Id*. (citing Art. I, § 3, cl. 6.).

Consequently, this case is dismissed for lack of subject matter jurisdiction. Plaintiff's motions for summary judgment, ECF Nos. 3, 5, and motion to expedite, ECF No. 4, are all denied as moot. A separate order accompanies this memorandum opinion.

Date:   February 25, 2025                    _____/s/_____
                                             RUDOLPH CONTRERAS
                                             United States District Judge